# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA J. FLAM,<br><br>      Plaintiff,<br><br>   vs.<br><br>MARSHALL S. FLAM, M.D.,<br><br>      Defendant. | 1:12cv1052 AWI DLB<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND<br><br>(Document 8) |

Plaintiff Laura J. Flam ("Plaintiff") filed this Motion to Remand on July 19, 2012. The matter was heard on August 31, 2012, before the Honorable Dennis L. Beck, United States Magistrate Judge. Tim Buchanan appeared on behalf of Plaintiff. Wiley Driskill appeared on behalf of Defendant Marshall S. Flam, M.D. ("Defendant").

## **BACKGROUND**

Plaintiff filed a Summons and Order to Show Cause Complaint ("OSC") in the Fresno County Superior Court on June 8, 2012.[1] The OSC sought damages pursuant to California Family Code section 1101(g) for an alleged breach of fiduciary duty in the management and control of Plaintiff's pension account. The OSC also requested attorneys' fees and costs.

---

[1] All motions in Fresno County Superior Court were filed in <u>Laura J. Flam v. Marshall S. Flam</u>, Case No. 587455-0.

1

On June 27, 2012, Defendant removed the action to this Court based on federal question jurisdiction. According to Defendant, Plaintiff sued him in his capacity as Co-Trustee of the Employment Pension Plan, and the action is therefore preempted by the Employee Retirement Income Security Act of 1974 ("ERISA").

Defendant filed his answer on July 5, 2012.

On July 19, 2012, Plaintiff filed a Motion to Remand the action. Defendant opposed the motion on August 17, 2012. Plaintiff filed a reply on August 22, 2012, and Defendant filed a sur-reply on August 24, 2012.[2]

## PROCEDURAL HISTORY OF SUPERIOR COURT ACTION

On January 26, 2001, the Fresno County Superior Court issued a judgment of dissolution of the marriage between Plaintiff and Defendant. The judgment provided that the parties each receive one-half of the community property portion of the retirement, pension and/or profit-sharing plan known as "Hematology-Oncology Medical Group of Fresno, Inc." (the "Plan"). The judgment further provided that the court "expressly reserves jurisdiction over any and all issues, regardless of nature, relating to the InTrust Pension Account including, but not limited to, issues which may arise concerning the QDRO to effectuate the transfer of same." Declaration of William S. Ryden ("Ryden Dec."), Exh. A.

As of 2001, the community property interests of Plaintiff and Defendant in the Plan, and the separate property interests of Defendant, were maintained at InTrust.[3] In 2004, Defendant transferred all of his assets in the Plan from Millennium to an account at Morgan Stanley.

On November 22, 2011, Plaintiff filed an OSC for Enforcement of Judgment and to Implement Division of Community Property Pension in the Fresno County Superior Court action. The order requested that Defendant provide her with an accounting of the parties'

---

[2] Defendant requested permission to file a sur-reply to address timeliness arguments made for the first time in Plaintiff's reply.

[3] InTrust was later renamed Millennium Trust Co., LLC.

community property interests in the Plan. Plaintiff alleges that the OSC was necessary because Defendant refused to advise her of her pension account's location after she learned that it was no longer maintained at its original location. The OSC also requested attorneys' fees and costs. Ryden Dec., ¶ 2.

In response to a deposition notice and request for production of documents, Defendant produced copies of account statements showing that in June 2007, he liquidated Plaintiff's pension account at Millennium in the amount of $431,822.59, and reinvested the funds in an account at Morgan Stanley held in the name of "Marshall S. Flam, Trustee Hematology Oncology Medical Group of Fresno, Inc. Employee Pension Plan fbo MS Flam." Ryden Dec., ¶ 3. Defendant filed a Responsive Declaration to the OSC on May 24, 2012, setting forth this information. Ryden Dec., ¶ 4. The OSC was set to be heard on June 11, 2012.

On June 8, 2012, Plaintiff filed an OSC for Breach of Fiduciary Duty against Defendant in the Fresno County Superior Court action. Plaintiff requested that Defendant pay her $151,263.81 pursuant to California Family Code section 1101(g) as damages attributable to his breach of fiduciary duty to Plaintiff in the management and control of her share of the community property interest in the Plan. She alleges that Defendant is a participant employee in the Plan and Co-Trustee. The acts complained of include Defendant's transfer of assets to Morgan Stanley without Plaintiff's knowledge or consent. Exh. A, attached to Notice of Removal.

The first OSC was heard on June 11, 2012, with only the attorneys' fee issue remaining. On June 18, 2012, Judge Allen-Hill ordered Defendant to pay $12,500.00 in attorneys' fees and found that Defendant's failure and refusal to respond to Plaintiff's requests for the location of her account had caused her to incur unnecessary legal expenses. Ryden Dec., ¶ 6.

On June 27, 2012, Defendant filed his notice of removal.

# LEGAL STANDARD

A. <u>Removal Jurisdiction</u>

By statute "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The party seeking to invoke federal jurisdiction bears the burden of establishing jurisdiction. <u>See</u> <u>Indus. Tectonics, Inc. v. Aero Alloy</u>, 912 F.2d 1090, 1092 (9th Cir. 1990).

Generally, if the initial pleading is removable on its face, the notice of removal must be filed within 30 days after receipt by the defendant. 28 U.S.C. § 1446(b).

B. <u>ERISA Preemption</u>

The United States Supreme Court has made clear that a state law "relates to" a benefit plan and is preempted if it is specifically designed to affect ERISA benefit plans, or singles out such plans, by express reference, for special treatment. <u>Burch v. George</u>, 7 Cal.4th 246, 269 (1994) (citing <u>Mackey v. Lanier Collection Agency & Serv., Inc.</u>, 486 U.S. 825, 829, 838, fn. 12 (1988)).

However, where a state law is a neutral law of general application that indirectly affects an ERISA benefit plan, ERISA preemption is less certain. Although it is settled that "even indirect state action bearing on private pensions may encroach upon the area of exclusive federal concern," it is also established that a state law may affect a pension plan in "too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." <u>Burch</u>, 7 Cal.4th 269 (citations omitted).

In finding that California's no contest law was not preempted to the extent pension plan benefits were at issue, the California Supreme Court explained:

> Preliminarily we observe that the no contest law fails to fit into any of the four categories of laws that have previously been found to "relate to" ERISA plans: (1) laws that regulate

the type of benefits or terms of ERISA plans; (2) laws that create reporting, disclosure, funding or vesting requirements for ERISA plans; (3) laws that provide rules for the calculation of the amount of benefits to be paid under ERISA plans; and (4) laws and common law rules that provide remedies for misconduct growing out of the administration of ERISA plans.  Moreover, application of the law does not call for any interpretation of an ERISA provision, other than that relating to preemption, or for a ruling on the validity of any terms or conditions of an ERISA plan.

Burch, 7 Cal.4th at  269-270 (citations omitted).

## **DISCUSSION**

Plaintiff's motion is based on her contention that she sues Defendant for breach of fiduciary duty as a former spouse in the management and control of her plan, NOT in his capacity as Co-Trustee.  She characterizes her claim as arising from the former marital relationship, and from allegations that Defendant knowingly liquidated an account that he knew belonged to her and re-invested the funds in his own name with a different brokerage, without her knowledge or consent.  Plaintiff argues that the claim arises solely from California Family Code sections 721(b), 1100 and 1101, and therefore this Court does not have subject matter jurisdiction.

California Family Code section 1100(e) states:

(e) Each spouse shall act with respect to the other spouse in the management and control of the community assets and liabilities in accordance with the general rules governing fiduciary relationships which control the actions of persons having relationships of personal confidence as specified in Section 721, until such time as the assets and liabilities have been divided by the parties or by a court. This duty includes the obligation to make full disclosure to the other spouse of all material facts and information regarding the existence, characterization, and valuation of all assets in which the community has or may have an interest and debts for which the community is or may be liable, and to provide equal access to all information, records, and books that pertain to the value and character of those assets and debts, upon request.

Section 1101(a) provides the remedy for breach:

(a) A spouse has a claim against the other spouse for any breach of the fiduciary duty that results in impairment to the claimant spouse's present undivided one-half interest in the community estate, including, but not limited to, a single transaction or a pattern or series

of transactions, which transaction or transactions have caused or will cause a detrimental impact to the claimant spouse's undivided one-half interest in the community estate.

Defendant, however, believes that Plaintiff's claims are made by a plan beneficiary against a plan administrator, and that the claims are therefore preempted.  Although Defendant characterizes the parties' marriage as a "coincidence," their former relationship is the exact reason why Defendant's arguments against remand fail.

Plaintiff's interest in the Plan derives solely from her community interest established by the QDRO, not from her contributions as an employee.[4]  Moreover, Plaintiff was no longer a beneficiary of the Plan after dissolution of the marriage because the terms of the QDRO required that her interests be held in a separate account.  As such, Defendant's fiduciary duties arose specifically from the QDRO and related California Family Code sections.

Indeed, the duties at issue go beyond those imposed by ERISA.  Plaintiff alleges that Defendant knowingly liquidated an account that he knew belonged to her and re-invested the funds in his own name with a different brokerage, without her knowledge or consent.  Such duties arose from Defendant's role as Plaintiff's former spouse.  Even though there may be some overlap between the duties imposed on a former spouse under California law and those imposed on a plan administrator under ERISA, this does not result in ERISA preemption.  As Plaintiff explains, this is an action to recover damages from a former spouse, separate and apart from the recovery of actual Plan proceeds.  Resolution of the issues "does not call for any interpretation of an ERISA provision, other than that relating to preemption, or for a ruling on the validity of any terms or conditions of an ERISA plan."  Burch, 7 Cal.4th at  269-270.

Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's claims.

---

[4] At the hearing, Plaintiff's counsel stated that there was no evidence to indicate that she was an employee participant in the Plan.

**ORDER**

Based on the above, Plaintiff's Motion to Remand is GRANTED and this action is REMANDED to Fresno County Superior Court.  Plaintiff's request for attorneys' fees is DENIED.

IT IS SO ORDERED.

    Dated:   **September 5, 2012**                 /s/ *Dennis L. Beck*
                                                           UNITED STATES MAGISTRATE JUDGE