IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA J. FLAM,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>MARSHALL S. FLAM, M.D.,<br><br>　　　　　　Defendant. | 1:12-cv-1052  AWI DLB<br><br>ORDER ON THE DEFENDANT'S MOTION TO RECONSIDER REMAND |

　　　　On June 27, 2012, this case was removed from the Fresno County Superior Court.

　　　　On July 19, 2012, Plaintiff filed a motion to remand the case back to the Superior Court pursuant to 28 U.S.C. § 1447(c), due to a lack of subject matter jurisdiction. See Doc. No. 8.

　　　　On August 31, 2012, the Magistrate Judge held a hearing on the motion to remand. See Doc. No. 17.

　　　　On September 6, 2012, the Magistrate Judge issued a ruling on Plaintiff's motion. See Doc. No. 22. The Magistrate Judge held that removal was improper due to a lack of subject matter jurisdiction. See id. The order remanded the case to the Fresno County Superior Court and declined to award attorney's fees. See id. A docket notation indicates that the clerk sent a certified copy of the remand order to the Fresno County Superior Court on September 6, and the clerk also closed the case on that day.

　　　　On September 20, 2012, Defendant filed a request for reconsideration of the Magistrate Judge's ruling. See Doc. No. 26. Defendant argues that the Magistrate Judge committed clear error in concluding that the court lacked subject matter jurisdiction.

As indicated, the Magistrate Judge issued an order of remand pursuant to 28 U.S.C. § 1447(c) due to a lack of subject matter jurisdiction. Remand due to lack of subject matter jurisdiction is mandatory under § 1447(c). Bruns v. NCUA, 122 F.3d 1251, 1257 (9th Cir. 1997). Importantly, § 1447 provides in pertinent part: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ."[1] 28 U.S.C. § 1447(d). Thus, § 1447(d) "prohibits review of all remand orders issued pursuant to § 1447(c) whether erroneous or not and whether review is sought by extraordinary writ or by any other means." Whitman v. Raley's Inc., 886 F.2d 1177, 1180 (9th Cir. 1989). The Ninth Circuit has held that § 1447(d) precludes "not only appellate review but also reconsideration by the district court." Seedman v. United States Dist. Court, 837 F.2d 413, 414 (9th Cir. 1988). Relying on *Seedman*, at least one court in the Ninth Circuit has held that the "event that divests the district court of jurisdiction is the mailing of the certified copy of the order of remand to the clerk of the state court." MacLeod v. Dalkon Shield Claimants Trust, 886 F.Supp. 16, 19 (D. Or. 1995) (citing Seedman, 837 F.2d at 414).

Here, Defendant does not cite to § 1447(d), or address the applicability of § 1447(d)'s prohibition against any review of a § 1447(c) remand order. Instead, Defendant argues about the correctness of the Magistrate Judge's jurisdictional analysis. However, before the Court can address the substance of the Magistrate Judge's order, the Defendant is required to show that this Court has the ability to reconsider the order.

Defendant does cite Local Rule 303(b) to argue that his reconsideration motion is timely, but that portion of the request is very brief and only shows that the request was made within 14 days of service of the remand order. See Doc. No. 26 at 1:8-10. That section does not address the fact that the Magistrate Judge's remand order was issued, that the case was closed, and that the certification was sent to the Fresno County Superior Court. Cf. 28 U.S.C. § 1447(d); Whitman, 886 F.2d at 1180; Seedman, 837 F.2d at 414; MacLeod, 886 F.Supp. at 19. Defendant's citation to Local Rule 303(b) was clearly not meant to address the jurisdictional

---

[1] Section 1447(d) provides an exception for cases that were removed pursuant to 28 U.S.C. § 1442 or § 1443. However, this case was removed pursuant 28 U.S.C. § 1441. See Doc. No. 1.

concerns raised by § 1447(d) and cases such as *Whitman*, *Seedman*, and *MacLeod*.

Without an argument concerning the application of § 1447(d) to this case, the Court can only conclude that this case was remanded to the Fresno County Superior Court on September 6, 2012, pursuant to 28 U.S.C. § 1447(c), and that review/reconsideration is prohibited pursuant to § 1447(d).[2]

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for reconsideration is DENIED and this case REMAINS CLOSED.[3]

IT IS SO ORDERED.

Dated:     October 4, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff requests in her opposition that the Court award her $24,323.75 in attorney's fees under 28 U.S.C. § 1447(c). It is true that the Court retains jurisdiction to award attorney's fees under § 1447(c) "even after being divested of jurisdiction on the merits." Moore v. Permanente Medical Group, Inc., 981 F.2d 443, 445 (9th Cir. 1992). However, the Magistrate Judge already refused to award attorney's fees under § 1447 as part of the September 6, 2012 remand order. The time for reconsidering that aspect of the remand order has passed. Thus, there is an insufficient basis for the Court to award Plaintiff $24,323.75 pursuant to § 1447(c).

[3] Because this case was remanded to the Fresno County Superior Court and closed on September 6, 2012, the Court does not anticipate any further filings by the parties.