1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                          EASTERN DISTRICT OF CALIFORNIA

7

8  LAURA J. FLAM,                          CASE NO. 1:12-CV-1052 AWI DLB

9              Plaintiff

10      v.                                 ORDER ON DEFENDANT'S MOTION
                                           TO DISMISS
11  MARSHALL S. FLAM, M.D.,

12             Defendant                    (Doc. No. 18)

13

14

15        This matter was removed from the Fresno County Superior Court on June 27, 2012.  See

16  Doc. No. 1.  Eventually, following a remand from the Ninth Circuit, Plaintiff's motion to remand

17  was denied on March 3, 2016.  See Doc. No. 43.  The Court determined that Plaintiff's state law

18  claims were completely preempted by 29 U.S.C. § 1132 of the Employment Retirement Income

19  and Security Act ("ERISA").  See id.  The Court also reinstated a Rule 12 motion to dismiss and

20  required Plaintiff to file a response to that motion.[1]  See id.  Plaintiff has now responded and

21  Defendant has filed a reply.  After considering the briefing, the Court will grant the motion to

22  dismiss and will give Plaintiff leave to amend.

23

24  ────────────────
    [1] Defendant states that he is moving to dismiss "for failure to state a claim upon which relief can be granted, pursuant
25  to Rule 12(c)."  See Doc. No. 18.  However, a motion to dismiss based on a failure to state a claim is a motion under
    Rule 12(b)(6), and a Rule 12(c) motion is one for judgment on the pleadings.  See Fed. Rs. Civ. P. 12(b), (c).
26  Defendant's brief does not cite the legal standard for either a Rule 12(c) or a Rule 12(b)(6) motion.  See Doc. No. 19.
    Because the two motions are functionally identical, the same standard of review applicable to a Rule 12(b)(6) motion
27  also applies to a Rule 12(c) motion.  Cafasso v. General Dynamics C4 Sys., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011);
    Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989).  Further, leave to amend may be permitted
    when a court grants a Rule 12(c) motion.  See Harris v. County of Orange, 682 F.3d 1126, 1131, 1135 (9th Cir. 2012).
28  Because of the same standard of review and ability to amend apply to both Rule 12(b)(6) and Rule 12(c) motions, the
    Court will view Defendant's ambiguous motion as one brought under Rule 12(b)(6).

## RULE 12(b)(6) FRAMEWORK

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065  (9th Cir. 2015); Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Faulkner v. ADT Sec. Servs., 706 F.3d 1017, 1019 (9th Cir. 2013). To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.; Dichter-Mad Family Partners, LLP v. United States, 709 F.3d 749, 761 (9th Cir. 2013). "Plausibility" means "more than a sheer possibility," but less than a probability, and facts that are "merely consistent" with liability fall short of "plausibility." Iqbal, 556 U.S. at 678; Li v. Kerry, 710 F.3d 995, 999 (9th Cir. 2013). Complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Iqbal, 556 U.S. at 678; Dichter-Mad, 709 F.3d at 761. The Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1145 n. 4 (9th Cir. 2012). In assessing a motion to dismiss, courts may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice. Dichter-Mad, 709 F.3d at 762. If a motion to dismiss is granted, a "district court should grant leave to amend even if no request to amend the pleading was made . . . ." Henry A. v. Willden, 678 F.3d 991, 1005 (9th Cir. 2012). However, leave to amend need not be granted if amendment would be futile or if the plaintiff has failed to cure deficiencies despite repeated opportunities. See Mueller v. Aulker, 700 F.3d 1180, 1191 (9th Cir. 2012); Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010).

# FACTUAL BACKGROUND

On January 26, 2001, the Fresno County Superior Court issued a judgment of dissolution of marriage ("Dissolution") between Plaintiff and Defendant.  See Defendant's Request for Judicial Notice ("RJN") (Doc. No. 27) Ex. A.  On August 5, 2001, the Fresno County Superior Court issued a Qualified Domestic Relations Order ("QDRO").  See RJN Ex. B.  These orders computed and documented Plaintiff's and Defendant's respective community and separate property interests in a retirement, pension, and/or profit sharing plan known as the "Hematology-Oncology Medical Group of Fresno, Inc." ("the Plan").  Pursuant to the Dissolution and QDRO, Defendant established segregated accounts within the Plan for the separate interests of himself and Plaintiff.[2]  See Complaint at § I, ¶ 3.  The separate interests of Plaintiff and Defendant in the Plan were maintained by InTrust (an entity that was later renamed Millennium Trust Company, LLC ("Millennium")).  See id.  Once the accounts in the Plan were segregated between Plaintiff and Defendant, Plaintiff was informed of the segregation but elected not to take any action to move her segregated account from the Plan.  See id. at ¶ 5; June 2012 Dec. of Plaintiff at ¶ 2.  Plaintiff never received any account statements or accountings while the funds were at Millennium.  See Complaint at § I, ¶ 4; June 2012 Dec. of Plaintiff at ¶ 3.

In 2004, Defendant transferred all of his segregated account in the Plan from Millennium to an account at Morgan Stanley.  See Complaint at § I, ¶ 6.  Plaintiff's account remained at Millennium.  See id.

In June 2007, and without notice to Plaintiff, Defendant liquidated and closed Plaintiff's account in the Plan at Millennium, and transferred the money to a Morgan Stanley account.  See id. at § I, ¶ 7.  The amount of the transfer was $431,822.59.  See id.  The name on the Morgan Stanley account was "Marshal S. Flam, Trustee Hematology Oncology Medical Group of Fresno, Inc. Employee Pension Plan fbo MS Flam."  See id.  Plaintiff had no knowledge of the liquidation of her Plan account at Millennium or Defendant's reinvestment of her funds with Morgan Stanley in 2007.  See id. & ¶ 8.  From 2007 to 2011, Defendant made no effort to determine whose money

---

[2] In part, the QDRO stated, "As soon as administratively feasible after the date that this order is determined by the plan to be qualified, [Plaintiff's] share shall be transferred to one or more separate accounts in the Plan in the name of [Plaintiff]."

he had transferred from the Millennium account to the Morgan Stanley account.  See id. at ¶ II, ¶ 9.

In January 2010, Plaintiff began to make efforts to learn the status of her Plan account at Millennium.  See Laura Flam Dec. ¶ 7.  In November 2011, Plaintiff filed a Summons and Order to Show Cause Complaint ("November OSC") in the Fresno County Superior Court.  See Ryden Dec. Ex. A.  The November OSC was filed under the 2001 divorce case.  See id.  The November OSC sought an order for Defendant to segregate and distribute Plaintiff's Plan account funds, provide an accounting, and pay reasonable fees.  See id.

In spring or summer 2011, Defendant received a call from Plaintiff's counsel, which inquired about Plaintiff's pension account.  See Complaint at § II, ¶ 11.  This call led Defendant to realize that the Millennium account he liquidated in 2007 had been Plaintiff's segregated account.  See id. at ¶ 12.  Defendant did not respond to Plaintiff's counsel, but instead responded to a subpoena for bank statements.  See id. at ¶ 13.

In a February 2012 deposition of Defendant, Plaintiff learned about Defendant's 2007 liquidation and transfer of her Plan account from Millennium to Morgan Stanley.  See Complaint at § II; Plaintiff Dec. ¶¶ 7, 8.  Near the time of the deposition, the Morgan Stanley account had a value of $280,658.78.  See Complaint at § I, ¶ 9.  From 2001 to January 30, 2012, Plaintiff received no statements regarding her segregated Millennium account or the Morgan Stanley account.  See id. at ¶¶ 9, 10.

On June 8, 2012, Plaintiff filed another Order to Show Cause ("Complaint") in the Fresno County Superior Court under the 2001 divorce case.  Plaintiff sought the sum of $151,253.81 (the difference in the value of Plaintiff's account from June 2007 to February 2012) from Defendant under Family Code § 1101(g) for breach of fiduciary duty in the management and control of Plaintiff's pension account in the Plan.  See Complaint at Bate pp. 3-4 & § I.  In relevant part, the Complaint alleged that:  (1) Defendant had an on-going duty to send Plaintiff account statements so that she could track the location and status of her account, see Complaint at "Bate" p. 12:21-23; (2) Defendant liquidated Plaintiff's Millennium account without her knowledge, see id. at Bate p.14:13-16; (3) Plaintiff's claims are "not dependent on a finding that [Defendant] mismanaged

her money," <u>Id.</u> at Bate p.16:26-27; (4) Defendant knew that Plaintiff would have no way of knowing about the transfer of the Millennium proceeds to Morgan Stanley, <u>see id.</u> at Bate p.17:16-18; (5) Defendant's "fiduciary duty required him to at least provide statements to allow her to see what was going on," <u>see id.</u> at Bate 18:11-13; (6) Defendant treated Plaintiff's money as if it was his own and deprived Plaintiff of the ability to know where her money was or her ability to participate in investment decisions, <u>see id.</u> at Bate 18:21:24; (7) Defendant's actions made him responsible to Plaintiff for the losses to her account, <u>see id.</u> at Bate 18:28-19:2; (8) the Morgan Stanley account appeared to have been excessively traded and mismanaged, <u>see id.</u> at Bate 19:3-4; and (9) "Once [Defendant] took it upon himself to exert management and control of assets that had already been awarded to Petitioner, treating them as his own without any notice or accounting to Petitioner, he became responsible for whatever ensued." <u>Id.</u> at Bate 19:14-17.

## **DEFENDANT'S MOTION**

**I.** **Plausible Claim**

*Parties' Arguments*

Defendant argues that Plaintiff's state law causes of action are completely preempted by ERISA. Because the state law claims are completely preempted, the Complaint fails to allege any viable causes action.

Plaintiff argues in part that the Complaint encompasses claims against Defendant that are beyond the actions authorized by federal law. Under the applicable Family Code provisions, Defendant owed Plaintiff a fiduciary duty until her share of the community assets had been distributed. Defendant's actions as alleged in the Complaint constitute a breach of fiduciary duty and should be treated as a misappropriation of Plaintiff's assets.

*Discussion*

29 U.S.C. § 1132 preemption defeats on the merits any claims that are pled as state law causes of action. <u>See</u> <u>Fossen v. Blue Cross & Blue Shield of Mont.</u>, 660 F.3d 1102, 1107 (9th Cir. 2011). Once a completely preempted state law claim is recharacterized as a "federal claim," that cause of action is not rewritten by the court, rather it is the plaintiff's obligation to amend her

1    complaint to expressly include the federal claim.  See Stewart v. United States Bancorp, 297 F.3d

2    953, 958-59 (9th Cir. Or. 2002).  Here, the Court has already determined that, per the test for

3    complete preemption under Aetna Health Inc. v. Davila, 542 U.S. 200, 210 (2004), Plaintiff's

4    claims are completely preempted by ERISA § 1132.  See Flam v. Flam, 2016 U.S. Dist. LEXIS

5    27476, *26-*36 (E.D. Cal. Mar. 3, 2016).  Thus, the state law claims in the Complaint are defeated

6    on the merits, and no viable claims are stated.  See Fossen, 660 F.3d at 1107.

7           Plaintiff's opposition is somewhat unclear.  Plaintiff acknowledges that the Court has

8    found that subject matter jurisdiction exists, which means that the Court has found her claims are

9    completely preempted.  However, Plaintiff also states that she has stated a claim beyond what is

10   authorized under federal law, specifically misappropriation as a breach of duty under California

11   Family Code § 721 and § 1101.  See Doc. No. 44 at pp. 5-6.  The implication from Plaintiff's

12   argument is that misappropriation of ERISA plan assets either is not a breach of an ERISA

13   fiduciary duty, or is a breach of only the fiduciary duty associated with Family Code § 721.

14          To the extent that Plaintiff is making this argument, she is incorrect.  Misappropriation of

15   ERISA plan assets by an ERISA fiduciary is a violation of the duty of loyalty, and thus a violation

16   of 29 U.S.C. § 1104.  See Halifax Packing Co. v. Coyne, 482 U.S. 1, 15 (1987); Prudential Ins.

17   Co. of Am. v. Doe, 76 F.3d 206, 209 (8th Cir. 1996); Treasurer of the I.A.M. Dist. No. 15 Health

18   Fund. v. Operant Material Solutions of N.Y. & N.J. LLC, 2008 U.S. Dist. LEXIS 81539, 9-10 (D.

19   N.J. Oct. 14, 2008); see also West Va. Laborers' Pension Trust Fund v. Burkhammer, 2013 U.S.

20   Dist. LEXIS 98099, *7-*8 (S.D. W. Va. July 15, 2013).  Because Defendant is an ERISA

21   fiduciary who acted on ERISA plan assets, merely characterizing his conduct as

22   "misappropriation" (or something else) does not take Plaintiff's claim outside of ERISA

23   preemption.  See Davila, 542 U.S. at 209; Halifax, 482 U.S. at 15; Sharing Plan & Trust v. Estate

24   of Simper, 407 F./3d 1126, 1129 (10th Cir. 2005); Husvar v. Rappaport, 337 F.3d 603, 608 (6th

25   Cir. 2004); Prudential, 76 F.3d at 209; Little v. UNUM Provident Corp., 196 F.Supp.2d 659, 666

26   (S.D. Ohio 2002); Cox v. Eichler, 765 F.Supp. 601, 606-07 (N.D. Cal. 1990).

27          Therefore, because the state law claims alleged in the Complaint are completely

28   preempted, dismissal is appropriate.  See Fossen, 660 F.3d at 1107; Stewart, 297 F.3d at 958-59.

1  **II.** **Leave To Amend**

2     *Defendant's Argument*

3         Defendant argues that dismissal should be without leave to amend because the statute of

4  limitations bars all of Plaintiff's claims.  Because Plaintiff is not suing on the basis that Defendant

5  mismanaged her money, the 2007 transfer of funds is not at issue.  Instead, Plaintiff is suing on the

6  basis that she has never received periodic accounting statements.  Plaintiff knew since 2001 that

7  she was not receiving any type of periodic statements or accounting from Defendant regarding

8  either her Millennium account or the Morgan Stanley account, but she did not file a lawsuit until

9  June 2012.  Eleven years is well beyond the applicable limitations period.  Moreover, even if the

10  2007 transfer was at issue, the limitations period would have expired in June 2013.  It is now well

11  beyond June 2013.  Plaintiff is not entitled to any tolling while her lawsuit was in state court.  It is

12  well settled equitable tolling is not available to a litigant who files suit in a court that is clearly

13  without jurisdiction.

14     *Plaintiff's Opposition*

15         Plaintiff argues that the statute of limitations did not start in 2001, rather it started in

16  February 2012 when she had actual notice of Defendant's June 2007 breach of fiduciary duty.

17  The operative event that caused the Complaint to be filed was the Defendant's breach of

18  duty/misappropriation in June 2007.  The operative complaint was filed in June 2012, and was a

19  successor to the November OSC.  When the Complaint was filed and served, the action was

20  timely.  Additionally, Plaintiff states that if the Complaint is not sufficient for purposes of federal

21  standards, then she should be given additional time to review the situation and determine with to

22  amend her Complaint and continue to pursue the matter.

23     *Legal Standard*

24         In pertinent part, ERISA provides that no claim for breach of fiduciary duty may be

25  commenced "after the earlier of:  (1) six years after (A) the date of the last action which

26  constituted a part of the breach or violation, or (B) in the case of an omission, the latest date on

27  which the fiduciary could have cured the breach or violation; or (2) three years after the earliest

28  date on which the plaintiff had actual knowledge of the breach or violation . . . ."  29 U.S.C. §

1     1113.[3]  In other words, the ERISA "limitations period is six years from the breach or violation, or

2     three years from [the plaintiff's] knowledge of the breach or violation, whichever is earlier."

3     Meagher v. International Assn. of Machinists & Aerospace Workers Pension Plan, 856 F.2d 1418,

4     1423 (9th Cir. 1988).  The ERISA statute of limitations "indicates a two-step analysis of accrual of

5     an ERISA action: first, when did the alleged 'breach or violation' occur; and second, when did

6     [plaintiff] have 'actual knowledge' of the breach or violation?"  Ziegler v. Connecticut General

7     Life Ins. Co., 916 F.2d 548, 550 (9th Cir. 1990).  The nature of the fiduciary duty involved must

8     be considered in assessing the § 1113 limitations periods.  See Tibble v. Edison Int'l, --- F.3d ---,

9     2016 U.S. App. LEXIS 6684, *9 (9th Cir. 2016).  However, a claim that is time-barred cannot be

10    disguised and resuscitated through the "continuing violations" doctrine.  See id. at *11-*13.

11         *Discussion*

12         The Court reads the complaint as complaining that Defendant breached fiduciary duties by

13    failing to provide financial statements and by liquidating and transferring the Millennium account

14    to Morgan Stanley in 2007.  The Court will discuss these two categories separately.

15         1.     Failing To Provide Account Statements

16         The Complaint shows that Plaintiff received notice in 2001 that a separate account within

17    the Plan at Millennium had been created for her.  See Complaint at § I, ¶ 5; June 2012 Dec. of

18    Plaintiff at ¶ 2.  The Complaint also shows that Defendant has been a trustee at all relevant times,

19    and that Plaintiff never received any statements from Defendant (until Defendant provided an

20    accounting in 2012).  See Complaint at § I, ¶¶ 9, 10.  These allegations show that Plaintiff was

21    aware of her own account and knew that she was not receiving statements or information from

22    Defendant about her account.  Because Plaintiff knew that she was not receiving any information

23    from Defendant, the three year limitations period of § 1113(2) applies.

24         Defendant argues that since Plaintiff knew that she did not receive any statements from

25    him after she received notice of her separate account, her claims accrued in 2001 and are barred.

26

27    [3] 29 U.S.C. § 1113 also provides that "in the case of fraud or concealment, such action may be commenced not later
      than six years after the date of discovery of such breach or violation."  For this section to apply, the fiduciary must
      have "made knowingly false misrepresentations with the intent to defraud" or undertaken "affirmative steps" to
28    conceal any alleged fiduciary breaches.  Barker v. American Mobil Power Corp., 64 F.3d 1397, 1401 (9th Cir. 1995).
      Plaintiff has made no argument that Defendant engaged in "fraud or concealment" as discussed in *Barker*.

1   Defendant's argument is based on the premise that the failure to provide financial statements or

2   reports constitutes a breach of a "one-time" occurring fiduciary duty. Cf. Tibble, --- F.3d ---, 2016

3   U.S. App. LEXIS 6684 at *18-*19 (explaining that a claim based on the inclusion of an asset in an

4   ERISA plan was time barred where the decision to include the asset was made outside of the

5   limitations period, even though the effects of the past breach of duty continued into the future).

6   However, that is not necessarily the nature of the duty to provide financial statements or reports.

7   Cf. id. at *9 (recognizing that the nature of the particular fiduciary duty must be considered when

8   determining whether the statute of limitations bars the claim).  Statements and reports regarding an

9   ERISA plan or account are meant to provide information about the account and plan as of a

10  particular point in time.  With the passage of time, the account's balance will fluctuate, as will the

11  overall assets and value of the plan and account.  Providing statements or reports informs the

12  beneficiary of the condition of the plan and plan assets.  Because financial and economic changes

13  are certain to occur, regular provision of financial statements or reports should be made.  In fact,

14  ERISA obligates plan administrators to provide at least annual reports to beneficiaries.  See 29

15  U.S.C. § 1023.  The annual report includes a financial statement, and the financial statement

16  includes a statement of plan assets and changes in balances or the net plan assets.  See 29 U.S.C. §

17  1023(b).  Therefore, providing financial statements or reports is not a one-time obligation, rather it

18  is a reoccurring duty that arises at least once a year.  See id.  Because the duty to provide financial

19  statements or reports is reoccurring, each time an administrator fails to provide a necessary

20  financial statement or report would be a separate breach.  Cf. Meagher, 856 F.2d at 1423 (holding

21  that each check issued by ERISA trustees started separate limitations periods).

22      Here, Plaintiff filed this lawsuit on June 8, 2012.  Under the three-year limitations period,

23  any claims for failure to provide financial statements or reports occurring before June 8, 2009, are

24  time barred.  See id.; 29 U.S.C. § 1113(2).  Plaintiff will not be permitted to amend her complaint

25  to include claims that arose before June 8, 2009, but may amend her complaint to include claims

26  that arose on or after June 8, 2009.[4]  See Meagher, 856 F.2d at 1423.

27

28  [4] The Court is not holding that Plaintiff has a per se valid claim under § 1023.  Plaintiff has not explained what claims she may make against Defendant based on a failure to provide statements or reports.  Given the arguments made in the briefing, the Court is only holding that such a claim may be possible and not time barred by § 1113(2).

1         <u>2.</u>      <u>Liquidating and Transferring To Morgan Stanley</u>

2         The Complaint alleges that Plaintiff did not learn about Defendant's liquidation and

3 transfer of her Millennium account to Morgan Stanley until February 2012. <u>See</u> Complaint at § II;

4 Plaintiff Dec. ¶¶ 7, 8.  Under § 1113's "no knowledge" six year limitation period, the statute of

5 limitations would end in June 2013.  Under § 1113's "actual knowledge" three year limitation

6 period, the statute of limitations would end in February 2015.  Because the "earlier" period

7 applies, the six year limitations period controls.  <u>See</u> 29 U.S.C. § 1113; <u>Meagher</u>, 856 F.2d at

8 1423.  Therefore, Plaintiff had until June 2013 in which to file a lawsuit based on the June 2007

9 transfer and liquidation.  Because the Complaint was filed and removed in 2012, a claim for

10 breach of fiduciary duty based on the 2007 liquidation and transfer is not barred by § 1113(1).

11         Defendant argues that there is no fiduciary duty claim in the Complaint based on the 2007

12 liquidation and transfer because the Complaint expressly stated that Plaintiff's claims do not

13 depend on a finding that Defendant mismanaged the account.  It is clear that the Complaint

14 contains this language, <u>see</u> Complaint at Bate p.16:26-27, but it is unclear how that would prevent

15 Plaintiff from amending her complaint.

16         First, in addition to the language cited by Defendant, the Complaint also alleges that

17 Defendant liquidated and transferred the account without notice, treated Plaintiff's money as if it

18 was his own, knew that Plaintiff would not know about the liquidation and transfer, and was

19 responsible for all that occurred because he liquidated and transferred the account to Morgan

20 Stanley. <u>See id.</u> at Bates pp. 14:13-16, 17:16-18, 18:21-19:17.  Read together, it reasonable to

21 conclude the Complaint is taking issue with the fact that Defendant liquidated and transferred the

22 account, but not necessarily with how the account was managed after the transfer.  <u>See</u> <u>Faulkner</u>,

23 706 F.3d at 1019 (complaint's allegations are to be read in light most favorable to the plaintiff).

24 The liquidation and transfer are separate actions from managing the funds after the transfer was

25 completed.  Therefore, the allegations indicate that Plaintiff is complaining about the 2007

26 liquidation and transfer itself, but not how the account was managed thereafter.  <u>See</u> <u>id.</u>

27         Second, even if the cited language means that the Plaintiff is not complaining about the

28 2007 liquidation and transfer, the statement is not a factual allegation, it is merely describing the

1   nature of her claims as they are currently pled.  Therefore, the statement does not appear to be a

2   judicial admission that forever binds Plaintiff.  Cf. American Title Ins. Co. v. Lacelaw Corp., 861

3   F.2d 224, 226 (9th Cir. 1988) ("Factual assertions in pleadings . . ., unless amended, are

4   considered judicial admission conclusively binding on the party who made them.").

5          Third, litigants in federal court are permitted to state as many claims as they have,

6   including pleading in the alternative, and the claims need not be consistent.  See Fed. R. Civ. P.

7   8(d); Peterson v. McGladrey & Pullen, LLP, 676 F.3d 594, 597 (7th Cir. 2012).  Assuming that

8   the cited statement is inconsistent with a claim based on the 2007 transfer and liquidation, it

9   appears that Rule 8(d) would still permit Plaintiff to file an amended complaint to add such a

10  claim.

11         Defendant also argues that Plaintiff is not entitled to the benefit of any tolling for the time

12  that the case was pending in the state court because the state court was without jurisdiction.  It is

13  true that Claims under ERISA § 1132(a)(2) and § 1132(a)(3) are within the exclusive jurisdiction

14  of the federal courts.[5]  See 29 U.S.C. § 1132(e)(1); Pension Trust Fund for Operating Engineers v.

15  Triple A Machine Shop, Inc., 942 F.2d 1457, 1461 (9th Cir. 1991).  However, even if Plaintiff is

16  not entitled to equitable tolling, the result would not change.[6]  Under Defendant's theory, the case

17  would be considered to have commenced, and thus the statute of limitations would have stopped

18  running, when the case was removed on June 27, 2012.  See Winburn v. Progress Energy

19  Carolinas, Inc., 2015 U.S. Dist. LEXIS 14283, *31 n.14 (D.S.C. Feb. 6, 2015).  June 27, 2012, is

20  still well before June 2013.  No tolling is necessary for a claim based on the 2007 liquidation and

21  transfer to be timely.

22         Finally, Defendant argues that an amended complaint that adds a claim based on the 2007

23  ---

[5] The Court determined that Plaintiff could have brought claims either under ERISA § 1132(a)(2) or § 1132(a)(3).
24  See Flam, 2016 U.S. Dist. LEXIS 27476 at *29.

25  [6] It is not clear that Plaintiff is not entitled to equitable tolling.  Defendant correctly cites a Fourth Circuit case which
    held that the "commencement of an action in a clearly inappropriate forum, a court that clearly lacks jurisdiction, will
26  not toll the statute of limitations."  Shofer v. Hack Co., 970 F.2d 1316, 1319 (4th Cir. 1992).  However, in a Death on
    the High Seas Act case in which federal courts have exclusive jurisdiction, the Ninth Circuit held that a plaintiff was
27  entitled to equitable tolling while the case was pending in state court.  See Berry v. Pacific Sportfishing, Inc., 372 F.2d
    213 (9th Cir. 1967).  Berry was positively discussed in a recent Ninth Circuit case.  See Oltman v. Holland Am. Line-
28  USA, Inc., 538 F.3d 1271, 1278-80 (9th Cir. 2008).  Because the result does not change, the Court need not determine
    whether Plaintiff is entitled to equitable tolling.

liquidation and transfer would be well passed June 2013, and beyond the six year limitations period.  This argument assumes that the Complaint contains no claim based on the actual transfer of the 2007 liquidation and transfer.  As discussed above, the allegations in the Complaint could be read as bringing those acts into controversy.  Nevertheless, assuming that the Complaint does not contain such a claim, the Court cannot hold at this time that such a claim would be time barred.  Under Federal Rule of Civil Procedure 15(c), an amendment to a pleading relates back to the date of the original pleading if the amendment asserts a claim "that arose out of the conduct, transaction or occurrence set out – or attempted to be set out – in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B); see also Asarco, LLC v. Union Pac. R.R. Co., 765 F.3d 999, 1004-06 (9th Cir. 2014).  Defendant has not addressed Rule 15(c).  However, as discussed above, the Complaint contains allegations that are critical of the 2007 liquidation and transfer.  Given the allegation in the Complaint, it appears that an amended breach of fiduciary duty claim based on the 2007 liquidation and transfer would relate back to June 2012.  See Fed. R. Civ. P. 15(c)(1)(B); Asarco, 765 F.3d at 1004-06.

       3.    Conclusion

Defendant's arguments are limited to the issue of whether the statute of limitations would prevent Plaintiff from pursuing any ERISA breach of fiduciary duty claims.  Based on the submission of the parties, some claims are time barred.  For all claims involving Defendant's failure to send/provide Plaintiff with account statements or reports, the three year limitations period of § 1113(2) applies.  Plaintiff may only pursue such claims that arose from June 8, 2009, forward.  For claims based on Defendant's 2007 liquidation and transfer of Plaintiff's Millennium account to Morgan Stanley, the six year limitation period applies.  Because Plaintiff filed suit before June 2013, Defendant has not shown that Plaintiff's claims are time barred.  Therefore, Plaintiff will be permitted to file an amended complaint.[7]

---

[7] The Court is not holding that Plaintiff will be able to successfully allege any particular claims.  The Court's analysis is limited to the statute of limitations issues that have been raised to this point.  If Plaintiff chooses to file an amended complaint, that complaint must be able to meet the requirements of ERISA and pleading standards of Rule 8 and Rule 12(b)(6).

1

**ORDER**

2          Accordingly, IT IS HEREBY ORDERED that:

3    1.    Defendant's motion to dismiss is GRANTED and Plaintiff's complaint is DISMISSED

4          with leave to amend;

5    2.    Within fourteen days of service of this order, Plaintiff may file an amended complaint to

6          add ERISA causes of action;

7    3.    If Plaintiff does not file a timely amended complaint, leave to amend will be withdrawn

8          and this case will be closed without further notice; and

9    4.    Within twenty days of service of an amended complaint, Defendant shall file an answer or

10          other appropriate responsive motion.

11

12   IT IS SO ORDERED.

13   Dated:   April 29, 2016          _____

14                                    SENIOR  DISTRICT  JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28